NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ANONYMOUS OXFORD HEALTH PLAN MEMBER WITH ID # 95278903*01, | : : : | Hon. Dennis M. Cavanaugh |
| Plaintiff, | : : | **OPINION** |
| v. | : : | Civ. No. 12-2367 (DMC) (MF) |
| OXFORD HEALTH INSURANCE, INC., OXFORD HEALTH PLANS (NY), INC., and UNITED BEHAVIORAL HEALTH, | : : : : | |
| Defendants. | : : | |

**DENNIS M. CAVANAUGH, U.S.D.J.**:

This matter comes before the Court on the Motion of Plaintiff Anonymous Oxford Health Plan Member With ID# 95278903*01 ("Plaintiff") for a preliminary injunction against Defendants Oxford Health Insurance, Inc., Oxford Health Plans (NY), Inc., and United Behavioral Health (collectively, Oxford/UBH), pursuant to L. CIV. R. 65.1. ECF No. 7. A hearing was held in this matter on May 29, 2012. Based on the parties' arguments at that hearing and in their submissions, and for the following reasons, it is the decision of this Court that Plaintiff's Motion is **denied**.

## I.     BACKGROUND

Plaintiff and his family, New Jersey residents, are covered by a health insurance plan funded and issued by Defendant Oxford Health Insurance, Inc. (the "Plan"). Plaintiff's daughter (hereinafter "Patient"), suffers from a Biologically Based Eating Disorder (hereinafter, the "Condition"), for

which she has received residential treatment at a specialized facility. Defendant Oxford Health Insurance, Inc. is an accident and health insurance company, and along with its wholly owned subsidiary, Defendant Oxford Health Plans (NY), has a principal place of business in Trumbull, Connecticut. Defendant United Behavioral Health ("UBH") is a company that specializes in administering mental health benefits, with a principal place of business in Schaumburg, Illinois. All Defendants are collectively referred to in this matter as Oxford/UBH.

Patient is in ongoing treatment at Eating Recovery Center ("ERC") in Denver, Colorado. ERC is a residential facility that specializes in conditions like Patient's, and has a limited number of beds. Patient was admitted to ERC on January 30, 2012. Oxford/UBH paid for "virtually all" of Patient's treatment prior to her admission to ERC. Oxford/UBH stopped paying for Patient's care as of January 26, 2012. On January 30, 2012, in an "Initial Adverse Determination," Oxford/UBH denied Patient's claim for acute inpatient health services at ERC, noting that, after six months of care at other facilities, Plaintiff showed "no measurable or realistic progress," and that "[i]t appears that extended care in a state institutional setting is indicated." Oxford/UBH then denied Patient's claims for residential treatment at ERC on February 2, 2012, for the same reasons. On that same day, Oxford/UBH sent a letter to Patient that reiterated these concerns, and informed Patient that this was a "<u>Final Adverse Determination</u>," (emphasis in original) and that "all internal appeals through UBH have been exhausted."

From January 30, 2012 until the filing of this Motion, Plaintiff has paid $75,000.00 "out of pocket" for the treatment. ERC joined Oxford's panel of participating providers and became an "in-network" facility on May 1, 2012. Plaintiff's Motion seeks "prospective relief only," in that he seeks to have the Court "compel oxford to permit my daughter to remain in residential treatment at ERC."

Plaintiff filed the present Motion on May 7, 2012. Oxford/UBH filed Opposition on May 21, 2012, arguing that Plaintiff did not meet any of the four requirements for obtaining a preliminary injunction.[1]  Plaintiff filed a Reply on May 23, 2012.  The matter is now before this Court.

## II.     STANDARD OF REVIEW

Preliminary Injunctive relief is an "extraordinary remedy, which should be granted only in limited circumstances."  Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharms. Co., 290 F.3d 578, 586 (3d Cir. 2002) (citing Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 800 (3d Cir.1989)).  To determine whether temporary restraints or a preliminary injunction is appropriate, a court must consider (1) the likelihood of success on the merits of the underlying claim; (2) whether the movant will be irreparably injured if such relief is not granted; (3) the possibility of harm to other interested persons from the grant or denial of the injunction; and (4) whether the public interest will be served by the preliminary relief.  Opticians Ass'n of Am. v. Ind. Opticians of Am., 920 F.2d 187, 191-92 (3d Cir. 1990).  The Court should issue injunctive relief "only if the plaintiff produces evidence sufficient to convince the district court that all four factors favor preliminary relief."  AT&T Co. v. Winback & Conserve Program, Inc., 42 F.3d 1421, 1427 (3d Cir. 1994) (citing Opticians Ass'n of Am., 920 F.2d at 192).

## III.    DISCUSSION

As an initial matter, the Court expresses understanding for Plaintiff's concern for the well

---

[1] In light of the expedited nature of this Motion, the Hon. Mark Falk, U.S.M.J. granted Oxford/UBH's request for an extension of time to file a responsive pleading. Oxford/UBH's Answer is now due on June 1, 2012. ECF No. 18.

being of his daughter.  On balance, however, Plaintiff has not made a sufficient showing that would enable this Court to grant him the extraordinary remedy of a preliminary injunction.  Particularly, Plaintiff has not demonstrated that a finding of likelihood of success on the merits is warranted, and Plaintiff has not demonstrated that an irreparable harm is at issue.

In this matter, a showing of likelihood of success on the merits depends on Plaintiff's ability to demonstrate that Oxford/UBH's decision was "arbitrary and capricious."  Under this standard, a trustee may be found to have violated his or her fiduciary duties only when his or her decision was made in bad faith or upon lack of factual foundation, or when it is not supported by substantial evidence.  In Firestone Tire & Rubber Co. v. Bruch, the Supreme Court, guided by principles of trust law, concluded that for actions grounded in section 1132(a)(1)(B), "a denial of benefits . . . is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." 489 U.S. 101, 115 (1989).  If a plan provides the trustee with discretionary authority to determine a participant's eligibility for benefits, the arbitrary and capricious standard applies. Id. at 111.  In this case, the language of the Plan clearly indicates a reservation of discretion.  See, e.g., Krauss v. Oxford Health Plans, Inc., 517 F.3d 614 (2d Cir. 2008).

Under the arbitrary and capricious standard, the Court's review is limited to the administrative record, and the Court may not consider any evidence submitted that was not initially considered in the administrative review process.  See, e.g., Johnson v. UMWA Health and Retirement Funds, 125 Fed. App'x 400, 405 (3d Cir. 2005) ("the record for arbitrary and capricious review of ERISA benefits denial is the record made before the plan administrator which cannot be supplemented during litigation.").  In Plaintiff's argument that he will likely succeed on the merits,

he relies on evidence that was never submitted to Oxford/UBH in the first instance. This evidence is not a part of the administrative record, and accordingly, the Court may not consider that evidence in its determination of the matter. Plaintiff's reliance on this extra-record evidence leaves him unable to sustain his burden of demonstrating a likelihood of success on the merits.

Plaintiff's attempt to show irreparable harm in this matter is undercut by a number of factors. First, it is well settled that self created harms can not be considered irreparable harms for the preliminary injunction inquiry. See, e.g., Caplan v. Fellheimer Eichen Braverman & Kaskey, 68 F.3d 828, 839 (3d Cir. 1995) ("If the harm complained of is self-inflicted, it does not qualify as irreparable."). In this instance, Plaintiff was fully aware that Oxford/UBH would not cover Patient's treatment at ERC before she was admitted to the facility. While the Court sympathizes with Plaintiff's decision to take the steps he felt were necessary to ensure his daughter's welfare, the harms present in this case would not have occurred had Plaintiff not voluntarily chosen to admit his daughter to ERC. Further, Plaintiff did not commence this action until nearly three months after being apprised of Oxford/UBH's final decision on February 2, 2012. It therefore appears that Plaintiff seeks, in this suit, to shift avoidable financial burdens onto Oxford/UBH.

Second, and of greater importance to this inquiry, it appears that the harms complained of are entirely financial in nature. It is horn book law that to make a showing of irreparable harm, Plaintiff must demonstrate harm that cannot be remedied with money damages. See, e.g., Instant Air Freight Co., 882 F.2d at 801 ("In order to demonstrate irreparable harm the plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial."). Plaintiff has not demonstrated that without the relief sought, ERC will cease treating Patient for her condition. Nor has Plaintiff demonstrated that he would be financially incapable of

providing for Patient's care at ERC by himself.  Thus, if Plaintiff eventually prevails in this matter, his remedy would likely be a damages amount for the expense of continuing Patient's treatment at ERC.

Finally, the Court notes that while Plaintiff is within his rights to bring suit before this Court, it appears as though Plaintiff has an alternative remedy available to him.  The Plan provides for an external appeal process through New York's External Appeal Agent.  Under this Appeal, Plaintiff would be entitled to a determination by an independent board certified psychiatrist as to whether the coverage sought was medically necessary, and that opinion would be made within two business days from the date the appeal was reviewed.  Further, the extra-record material that Plaintiff seeks to present in this matter could be properly presented in that appeal.

## IV.   CONCLUSIONS

For the foregoing reasons, Plaintiff's Motion is **denied**.  An appropriate Order accompanies this Opinion.

Dennis M. Cavanaugh, U.S.D.J.

Date:       May 30, 2012
Orig.:      Clerk
cc:         All Counsel of Record
            Hon. Mark Falk, U.S.M.J.
            File

-6-